IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:13-cr-2 (WLS) |
| | : | |
| KIMBERLY MICHELLE BANKS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

At the close of the Government's case-in-chief, Defendant Kimberly Michelle Banks moved for a directed verdict on Count One of the Superseding Indictment charging her with conspiracy to defraud the United States. The Court reserved ruling on Banks's motion and now denies it.

Under Federal Rule of Criminal Procedure 29, a defendant's motion for judgment of acquittal should be granted if the Court finds that "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Thus, the Court "must determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (citing *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999)). The conviction must be upheld unless the Court finds that "the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Robles*, 283 F. App'x 726, 735 (11th Cir. 2008) (quoting *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999)).

In construing the evidence, the Court must take the evidence in the light most favorable to the Government. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) (citing *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000)). Accordingly, the Court must "resolve any conflicts in favor of the Government, draw all reasonable in-

ferences that tend to support the prosecution's case, and assume that the jury made all credibility choices in support of the verdict." *Id.* (citing *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006)); *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999)). "The prosecution need not rebut all reasonable hypotheses other than guilt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989). Thus, "[i]t is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) (citing *United States v. Mieres-Borges*, 919 F.2d 652, 656 (11th Cir. 1990)). If, as it did here, the Court reserves decision on the motion made at the close of the Government's evidence then the Court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

To prove conspiracy under section 371, the Government must establish beyond a reasonable doubt "the existence of an agreement to achieve an unlawful objective, the defendant's knowing and voluntary participation in the conspiracy, and the commission of an overt act in furtherance of it." *United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009) (quoting *United States v. Suba*, 132 F.3d 662, 672 (11th Cir. 1998)). The Government may prove a conspiracy with circumstantial evidence alone "[b]ecause the essential nature of conspiracy is secrecy." *United States v. Adkinson*, 158 F.3d 1147, 1153 (11th Cir. 1998).

The Government presented ample evidence for a reasonable jury to convict Banks of conspiracy to defraud the United States. At trial, the Government introduced testimony and exhibits showing that Banks and others conspired to file fraudulent tax returns and thus to defraud the federal government. Records from the IRS and an Internet provider indicated that Banks filed dozens of fraudulent tax returns from several IP addresses registered in her name. A number of those tax returns listed Gloria Gordon's or Donalene Mosely's addresses. For example, trial exhibits showed that someone filed

2

a tax return in the name of Linnie Lunt, who was a patient at Crisp Regional Hospital, where Banks worked, from Banks's IP address. The tax return listed Donalene Moseley's address. The tax refund was then credited to a prepaid debit card, which was used to buy diet pills. Gloria Gordon's name, address, and medical history were listed on the order form for the diet pills. In the same fashion, someone filed a fraudulent tax return in the name of Barbara McRae, also a patient at Crisp Regional Hospital. The McRae refund was then sent, via prepaid debit card, to Gordon's address and used to pay a car loan on a car that Gordon drove. The Government's evidence also revealed that Banks filed a fraudulent tax return in Runell Grant's name. Grant testified that she knew Moseley from church and that Mosely occasionally acted as her caretaker. She testified she did not authorize Mosely or Banks to file the tax return. In sum, the evidence established an agreement between Banks and Mosely and/or Gordon, followed by overt acts in furtherance of the agreement.

For those reasons, and construing the evidence in favor of the Government, the Court concludes that the Government's evidence enabled a reasonable jury to find Banks guilty of conspiracy beyond a reasonable doubt. Banks's oral motion for a directed verdict is therefore **DENIED.**

**SO ORDERED**, this    21st    day of February, 2014.

                                                    /s/ W. Louis Sands
                                                  **W. LOUIS SANDS, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**